**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHAN EMILIO BATISTA VICENTE,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., d/b/a WAL-MART DISTRIBUTION CENTER #7377,<br><br>Defendant. | CIVIL ACTION NO. 1:26-CV-02318<br><br>(MEHALCHICK, J.) |

**ORDER**

Johan Emilio Batista Vicente ("Batista Vicente") initiated this *pro se* action on August 11, 2026, by filing a complaint against Defendant Wal-Mart Associates, Inc. ("Wal-Mart") alleging claims of sex discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964. (Doc. 1). On August 11, 2026, Batista Vicente filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). On August 19, 2026, Chief Magistrate Judge Daryl F. Bloom denied Batista Vicente's motion to proceed *in forma pauperis* instructing him to file a properly completed form. (Doc. 4). On August 24, 2026, Batista Vicente filed a renewed motion for leave to proceed *in forma pauperis*. (Doc. 5). On October 19, 2026, Judge Bloom screened the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and recommended that the Court grant Batista Vicente's motion for leave to proceed *in forma pauperis* and order service of the complaint on Wal-Mart. (Doc. 6).

According to Judge Bloom, Batista Vicente exhausted his administrative remedies, in accordance with Third Circuit precedent, by filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") which declined to proceed further with its investigation. (Doc. 6, at 10). Judge Bloom concluded that for purposes of screening under 28 U.S.C. § 1915(e)(2)(B)(ii), Batista Vicente's claims of employment discrimination,

hostile work environment, and retaliation were within the scope of the charge filed with the EEOC. (Doc. 6, at 10). Judge Bloom noted that this conclusion does not prohibit Wal-Mart from raising an exhaustion affirmative defense later. (Doc. 6, at 10-11). Judge Bloom then concluded that Batista Vicente sufficiently alleged a sex-based discrimination claim under Title VII of the Civil Rights Act of 1964 because he "established some causal nexus" between his protected sex status and the adverse treatment he experienced, including but not limited to physically demanding work assignments for which he was not listed. (Doc. 6, at 13). Judge Bloom also found that Batista Vicente sufficiently alleged a claim of hostile work environment because the complaint references repeated instances of harassment resulting from "his purportedly feminine nails and the manner in which he walked." (Doc. 6, at 14). Judge Bloom further concluded that Batista Vicente sufficiently stated a claim of retaliation under Title VII of the Civil Rights Act of 1964 because he alleges he repeatedly reported the sexual harassment to Wal-Mart supervisors and the human resources department and was "subsequently placed in less favorable working conditions, faced unsupported punishment, and ultimately was terminated." (Doc. 6, at 15). Judge Bloom informed the parties that they had fourteen days to file an objection to the report and recommendation. (Doc. 6, at 16-17). Neither party filed timely objections. As such, the Court will **ADOPT** the report and recommendation. (Doc. 6).

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28

U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

The Court agrees with the sound reasoning in the report and recommendation and finds no clear error on the face of the record. (Doc. 6). **NOW, THEREFORE, IT IS HEREBY ORDERED** that Judge Bloom's report and recommendation (Doc. 6) is **ADOPTED IN ITS ENTIRETY** as the decision of the Court. The Court **GRANTS** Batista Vicente's motion for leave to proceed *in forma pauperis* (Doc. 5). Batista is directed to serve the complaint on Defendant in accordance with the Federal Rules of Civil Procedure.

**BY THE COURT:**

**Dated: November 19, 2026**

/s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**
**United States District Judge**